DANIEL J. BRODERICK, #89424
Federal Defender
FRANCINE ZEPEDA, Bar #091175
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorney for Defendant
JUAN RODRIGUEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) NO. 1:07-CR-00038 LJO |
|---|---|
| Plaintiff, | ) SENTENCING MEMORANDUM ON BEHALF |
| | ) OF JUAN RODRIGUEZ |
| v. | ) |
| JUAN RODRIGUEZ, | ) Date: September 14, 2007 |
| | ) Time: 9:00 am |
| Defendant. | ) Judge: Hon. Lawrence J. O'Neill |

Juan Rodriguez requests that this Court consider the following memorandum prior to imposition of sentence.

**I.**

**INTRODUCTION**

Juan Rodriguez is before the Court having entered a plea to Possessing Contraband -- Drugs in Prison, on June 8, 2007. Mr. Rodriguez was brought to this district on a writ on March 6, 2007. The Memorandum of Plea in this matter stipulates that the base offense level is 26 and provides for three adjustments, totaling 6 points. The defendant is not prohibited by the terms of the plea from requesting further sentencing consideration from the Court. There are no legal or factual objections to the presentence investigation report nor to the calculations made therein.

///

///

## II.

## 18 U.S.C.§3553(a)

18 U.S.C. § 3553(a) provides that the Court review certain factors prior to imposition of sentence. Mr. Rodriguez would ask the Court to consider the numerous factors found in §3553(a), in order to determine the appropriate sentence:

> (a) Factors to be considered in imposing a sentence.-The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider-
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-
> (A)to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)to afford adequate deterrence to criminal conduct;
> (C)to protect the public from further crimes of the defendant; and,
> (D)to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**A.     Characteristics of the Defendant**

**1.     Nature of the Defendant**

Mr. Rodriguez is a 50 year old man who was reared in Mexico.  He has a limited formal education, as he was required by family circumstances to drop out of school and work to contribute to the family's support.  Mr. Rodriguez was previously residing in Las Vegas, Nevada, and was employed in the restaurant business.  He has three children, all of whom are adults now.

Rodriguez was arrested and entered a guilty plea to a criminal charge involving narcotics in 1990. In that matter he was assisting in the distribution of narcotics and although it was his first criminal offense, received a substantial sentence of 20 years.  Based on this one prior conviction, Rodriguez received 6 criminal history points, resulting in a criminal history category III.  Because he has only one prior conviction, it would appear that Rodriguez' criminal history category is overstated, and he would ask that the Court sentence him as a criminal history category II, instead of III.

**B.     The Nature and Circumstances of the Offense**

Mr. Rodriguez was first incarcerated in 1990.  He was moved to Taft Correctional Institution in May 1998 and had done well in the programs and in his adjustments up to this point.  Soon after he

1  incarcerated in the federal correctional institution at Taft, California. He had done well at all of these
2  locations, but then began to have family issues which Mr. Rodriguez has detailed in a letter for the Court's
3  review. He thereafter became addicted to narcotics and swallowed several small baggies of narcotics to be
4  delivered to a third party because of a debt which he owed. When confronted by the prison personnel,
5  Mr. Rodriguez readily confessed and he was placed in a cell for removal of the contraband. There was a
6  total of 11.7 grams of heroin and .59 grams of methamphetamine. This quantity of drugs is fairly small,
7  although Rodriguez knows first hand the problems that the presence of narcotics in the prisons can cause.
8  His own depression and drug addiction led to his loss of his UNICOR job and subsequent involvement in
9  this offense.

10  **C.    To Promote Respect For the Law and To Provide Just Sentence**

11  The purpose of the sentencing is to promote respect for the law, deter a defendant from any further
12  criminal conduct, and to provide just punishment for commission of the offense. In determining what
13  sentence would accomplish all those factors, the Court must look at the background of the individual, the
14  circumstances of the offense, and the possible sentences available to the Court. In addition to those factors
15  addressed above, Rodriguez would ask the Court to consider the following factors as well.

16  Rodriguez has not only been prosecuted for this offense, but has suffered collateral consequences
17  due to his conduct. As noted in his letter, the Bureau of Prisons took off 45-60 days good time credit
18  which Rodriguez was to receive, placed him in segregation for 5 ½ months, and did not allow him
19  commissary privileges for a year. The worst consequence however, was that for one year Rodriguez was
20  denied visitation and phone calls from his family. Rodriguez does not complain of these consequences,
21  rather, he would solely ask that the Court consider these punishments when fashioning an appropriate
22  sentence. He would also note that he will in most likelihood be deported by the Department of Homeland
23  Security and will be separated from two of his children as a result. Rodriguez would ask that the Court
24  consider imposition of a partially concurrent sentence to the term he is now serving.

### III.

### CONCLUSION

27  Based on the foregoing, Defendant Juan Rodriguez would ask the Court to impose a sentence
28  consistent with the plea agreement but which also takes into account, Rodriguez' overstated criminal

1 history category, the factors under 18 U.S.C. § 3553(a), and his personal background and characteristics.
2 He would ask to be returned to the facility at Lompoc to complete his term and ask that the Court order
3 that he be allowed to participate in the 500 Hour Drug and Alcohol Program.
4     Dated:  September 12, 2007
5                     Respectfully submitted,
6                     DANIEL J. BRODERICK
                    Federal Defender
7
8                  /s/   Francine Zepeda
                    FRANCINE ZEPEDA
9                     Assistant Federal Defender
                    Attorney for Defendant
10                     JUAN RODRIGUEZ
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28